**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-6793**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

RICHARD ANTHONY WILFORD, a/k/a Richie Rich,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen Lipton Hollander, Senior District Judge.  (1:11-cr-00258-ELH-2; 1:19-cv-01926-ELH)

———————

Submitted:  April 29, 2024                          Decided:  August 15, 2024

———————

Before WILKINSON and AGEE, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Brent Evan Newton, Gaithersburg, Maryland, for Appellant.  John Walter Sippel, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Anthony Wilford appeals the district court's order denying relief on his 28 U.S.C. § 2255 motion. We previously granted a partial certificate of appealability and directed informal briefing on the issue of whether the district court abused its discretion by declining to hold an evidentiary hearing before denying relief on Wilford's claim that his counsel rendered ineffective assistance during the plea process. Upon review of the parties' submissions and the record, we dismiss in part, vacate in part, and remand for further proceedings.

In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). Generally, whether an evidentiary hearing is necessary is left to the sound discretion of the district court. *United States v. Paylor*, 88 F.4th 553, 565 (4th Cir. 2023). However, when a § 2255 movant "presents a colorable Sixth Amendment claim showing disputed facts beyond the record, or when a credibility determination is necessary to resolve the claim," an evidentiary hearing is required. *United States v. Mayhew*, 995 F.3d 171, 176-77 (4th Cir. 2021).

To succeed on his claim of ineffective assistance of counsel, Wilford was required to show that (1) his counsel's performance was constitutionally deficient and (2) he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the performance prong, Wilford had to "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy

2

the prejudice prong, Wilford was required to demonstrate a reasonable probability "that he would have accepted a plea, that the court would have approved its terms, and that the resulting conviction or sentence would have been less severe than that actually imposed." *Mayhew*, 995 F.3d at 177 (internal quotation marks omitted).

In a signed declaration attached to his § 2255 motion, Wilford claimed that he declined a plea deal based on counsel's advice that a pending motion to suppress had a "good chance of winning."  The district court found that an evidentiary hearing was unnecessary to resolve this claim because the motion to suppress, although ultimately unsuccessful, was not frivolous, and the relevant records established that Wilford intended to proceed to trial regardless of counsel's advice.  However, given the existing law at the time, we conclude that it would have been unreasonable to characterize the suppression motion—which challenged law enforcement's use of GPS tracking and cell phone location data—as having a "good chance" of success. *See United States v. Stephens*, 764 F.3d 327, 335-38 (4th Cir. 2014) (holding that good faith exception to the exclusionary rule applies to certain evidence obtained through warrantless use of GPS devices prior to relevant changes in Fourth Amendment jurisprudence).  Moreover, the plea deal set forth a sentence of around eight years, whereas Wilford was sentenced to a much lengthier term of imprisonment following trial.  Accordingly, we conclude that Wilford presented a colorable claim that counsel's representation during the plea negotiations was both deficient and prejudicial.

Furthermore, the records the district court relied on to find that Wilford never intended to plead guilty memorialize proceedings that occurred well after Wilford declined

3

the relevant plea deal. Thus, they do not conclusively foreclose his claim that he denied the plea deal based on counsel's alleged advice. We therefore vacate the district court's order in part and remand to the district court for an evidentiary hearing on this claim.[*]

The remainder of the district court's order is not appealable unless a circuit judge or justice issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). We have independently reviewed the record and conclude that Wilford has not made the requisite showing with regard to the remaining ineffective assistance of counsel claim he pursues on appeal, which concerned his counsel's failure to object to the lack of formal arraignment. Thus, we deny a certificate of appealability as to that claim.

Accordingly, we dismiss the appeal, in part; vacate that part of the district court's order denying Wilford's claim that counsel rendered ineffective assistance during plea negotiations; and remand for further proceedings consistent with this opinion. We dispense

---

[*] We express no view on the ultimate merits of Wilford's claim.

4

with oral argument because the facts and legal contentions are adequately presented in the

materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*VACATED IN PART,*
*AND REMANDED*
